# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DONNY PARSON, ) ) ) Plaintiff, ) ) VS. ) ) SHELBY COUNTY, ) ) ) Defendant. ) | No. 14-2481-JDT-dkv |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On June 20, 2014, Plaintiff Donny Parson ("Parson"), who was, at the time, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on June 23, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee

---

[1] On November 10, 2014, Parson notified the Clerk that he had been transferred to the West Tennessee Detention Facility in Mason, Tennessee. (ECF No. 5.) Although Parson has submitted no further change of address, the U.S. Bureau of Prisons inmate locator, www.bop.gov/inmateloc/, indicates that he is now confined at the United States Penitentiary ("USP") McCreary in Pine Knot, Kentucky. The Clerk is directed to MODIFY the docket to reflect that Parson's current address is USP McCreary, U.S. Penitentiary, P.O. Box 3000, Pine Knot, KY 42635.

pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendant as Shelby County.[2]

## I. The Complaint

In the portion of the complaint form that calls for the statement of claim, Parson wrote, "Refile." (ECF No. 1 at 2.) Parson also wrote "Refile" in the section asking for the relief that is sought. (*Id* at 3.) Parson checked that he had a previous lawsuit with the same facts (*id.* at 1), referencing *Parson v. Shelby Cnty.*, No. 2:11-cv-02771-JDT-cgc (W.D. Tenn.). In that earlier case, which was commenced on September 7, 2011, Parson sued numerous parties concerning his medical treatment while at the Shelby County Correctional Center ("SCCC"), including, *inter alia,* treatment for a preexisting gunshot wound and the lack of prescription pain medication. *Parson v. Shelby Cnty.*, No. 11-2771 (ECF No. 1). The Court issued an order on September 14, 2012, that dismissed every claim and party. *Id.* (ECF No. 17). Judgment was entered on September 18, 2012, and Parson filed a notice of appeal. *Id*. (ECF Nos. 20 & 21). On January 23, 2013, the appeal was dismissed for want of prosecution. *Id.* (ECF No. 27).

## II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[2] The Court construes any claim against the only defendant named in the case caption, the Shelby County Department of Correction, as an attempt to assert a claim against Shelby County.

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for

3

> relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause

of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Parson filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Parson's claims are barred by claim preclusion, or *res judicata*. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a

subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979) (ellipses and internal quotation marks omitted). "Courts apply the doctrine of *res judicata* to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.,* 522 U.S. 470, 476 (1998) (internal quotation marks and alteration omitted); see also *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (same).

> Claim preclusion applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions.

*Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 480 (6th Cir. 2014).

Each of these requirements has been satisfied. The Court issued a judgment on the merits in case number 11-2771 in which all claims were dismissed *sua sponte* for failure to state a claim and judgement was entered for the defendants. The claims against Shelby County were dismissed *sua sponte*. *Parson v. Shelby Cnty.,* No. 11-2771 (ECF No. 17 at 7-13).[3] Parson's complaint in this case, in which he simply states "Refile," makes it clear

---

[3] It has not been conclusively resolved whether a dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) is "on the merits." In *Denton v. Hernandez,* 504 U.S. 25, 34 (1992), the Supreme Court, reviewing a previous version of those statutes, stated that,

that he is seeking to assert the same claims that were litigated in case number 11-2771. He includes no facts or legal theories that were not contained in case number 11-2771. Therefore, the instant case is barred by claim preclusion and is subject to dismissal in its entirety.

---

> [b]ecause a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions. *See, e.g., Bryant v. Civiletti*, 214 U.S.App.D.C. 109, 110–111, 663 F.2d 286, 287–288, n. 1 (1981) (§ 1915(d) dismissal for frivolousness is res judicata); Warren v. McCall, 709 F.2d 1183, 1186, and n. 7 (CA7 1983) (same); cf. *Rogers v. Bruntrager*, 841 F.2d 853, 855 (CA8 1988) (noting that application of res judicata principles after § 1915(d) dismissal can be "somewhat problematical"). Therefore, if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend. Because it is not properly before us, we express no opinion on the Ninth Circuit rule, applied below, that a *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect. *E.g., Potter v. McCall*, 433 F.2d 1087, 1088 (CA9 1970); *Noll v. Carlson*, 809 F.2d 1446 (CA9 1987).

Several Sixth Circuit decisions have affirmed the dismissal of subsequent suits under § 1915(e)(2) as barred by claim preclusion. *See,e.g., Murray v. Reed,* 69 F. App'x 246 (6th Cir. 2003); *Johnson v. United States,* 37 F. App'x 754 (6th Cir. 2001); *Haddad v. Mich. Nat'l Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002); *Taylor v. Reynolds,* 22 F. App'x 537, 539 (6th Cir. 2001); *see also Lierer v. Ohio Bur. of Motor Vehicles Compliance Unit,* 246 F. App'x 372 (6th Cir. 2007) (per curiam) (approving dismissal of official-capacity claim as barred by res judicata, reversing dismissal of individual-capacity claim that was not alleged in first suit, and noting that district court did not address whether individual-capacity claim was barred by issue preclusion). Although the unpublished decision in *Stephens v. Hayes,* 374 F. App'x 620, 622 (6th Cir. 2010), appears to reach a different result, that decision is inconsistent with the subsequent published decision in *LaFountain v. Harry,* 716 F.2d 944, 951 (6th Cir. 2013), which addresses the circumstances under which a case may be dismissed with prejudice under §§ 1915(e)(2) and 1915A(b)(1).

### III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, because the deficiencies in Parson's complaint cannot be cured, leave to amend is not warranted.

### IV. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Parson in this case would be taken in good faith. The good faith standard is an

objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

V. Conclusion

The Court DISMISSES Parson's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED because the deficiencies in Parson's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Parson would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Parson nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Parson is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing

fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

Finally, for analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the fourth dismissal of one of his cases as frivolous or for failure to state a claim.[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Plaintiff is warned that he is barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Any civil action filed by Plaintiff after the date of the judgment in this case must be accompanied by either the $400 civil filing fee or allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If Plaintiff submits any complaint that does not allege he is under imminent danger of serious physical injury or is not accompanied by the filing fee, the complaint will be filed, but Plaintiff will be required to remit the full filing fee. If he fails to do so, the case will be dismissed, and

---

[4] Plaintiff previously filed *Parson v. Shelby County*, No. 2:14-cv-02396-JDT-dkv (W.D. Tenn. Nov. 14, 2014) (dismissed for failure to state a claim); *Parson v. Shelby County,* No. 2:11-cv-02771-JDT-cgc (W.D. Tenn. Sept. 14, 2012) (dismissed for failure to state a claim); and *Parson v. Shelby County,* No. 2:11-cv-02817-JDT-tmp (W.D. Tenn. Aug. 31, 2012) (dismissed for failure to state a claim).

the filing fee will be assessed from his inmate trust account without regard to the installment payment procedures of 28 U.S.C. §§ 1915(a)-(b).[5]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff is further cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.